UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN TIGGS a/k/a AKINBO J.S. HASHIM,

        Petitioner,

  v.                                    Case No. 14-C-610

BRIAN FOSTER,

        Respondent.

## SCREENING ORDER

      Petitioner filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court sentence was imposed in violation of the Constitution.

      I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

      Petitioner was convicted of armed robbery in 1996 and sentenced to more than nine years of incarceration on count one and fifteen years on count two. The fifteen-year sentence was stayed in favor of a fifteen-year term of probation. Soon after being released, Petitioner was revoked, and

the fifteen-year sentence was imposed for count two. *See State v. Tiggs,* 2014 WI App 16, 352 Wis.2d 574, 842 N.W.2d 536, 2013 WL 6597087 (Wis. Ct. App. 2014). In state filings, he challenged the imposition of the sentence on the grounds that his sentence structure constituted an unconstitutional application of state statutes. The trial judge rejected the claim as frivolous, and the court of appeals denied relief. The court of appeals found that there was no "new factor" that justified re-examination of the sentence structure imposed back in 1996 and found that he should have raised any issue at the time of his sentencing. *Id.* It also concluded that there was nothing improper about his sentence because state statutes allowed the sentencing judge flexibility to impose consecutive or concurrent terms of probation or sentences.

The Petitioner generically alleges that his sentence structure violated due process, but the claims he makes arise solely under state statutes. In short, he has a disagreement with the state courts about how state statutes govern the imposition of sentences. That is not a matter that raises federal constitutional concerns. This is reflected in the fact that the court of appeals' decision did not refer to any federal law at all. Even if it stated some kind of due process claim, federal courts are required to give great deference to the decisions of state courts, and here I would be unable to conclude that the state courts contravened or unreasonably applied any controlling federal law principles to the facts of his case. 28 U.S.C. § 2254(d)(1). The petition must therefore be dismissed.

Petitioner filed with his petition an application for leave to proceed *in forma pauperis*. Under Rule 3 of the Rules Governing § 2254 Cases, the petitioner is required to file an affidavit of indigence as required by § 1915. He has done so, and I am satisfied that he lacks sufficient funds to proceed here. Accordingly, his request to proceed without prepayment of costs will be granted.

THEREFORE, IT IS ORDERED that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. The motion to proceed IFP is **GRANTED**, meaning that the filing fee is waived. A certificate of appealability is **DENIED**, as I do not find a substantial showing of the denial of any constitutional right.

**SO ORDERED** this 30th day of May, 2014.

    /s William C. Griesbach
William C. Griesbach
United States District Judge